**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MAKETA JOLLY, | ) | |
| | ) | |
| | ) | Civil Action No. 1:22-cv-00395 (UNA) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GLEN GEIB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

 This matter is before the court on its initial review of plaintiff's *pro se* amended complaint, ECF No. 3, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the *in forma pauperis* application and dismiss the case for the reasons explained below.

Plaintiff, a resident of Aston, Pennsylvania, has sued officials affiliated with the New Jersey Medicaid Fraud Control Unit, the New Jersey Board of Nursing, the United States Department of Health and Human Services, the Social Security Administration, the Centers for Medicare & Medicaid Services, and others.  The rambling and prolix amended complaint totals 86 pages and is difficult to understand, and further fails to comply with Federal Rule 10(a)–(b) and D.C. Local Rule 5.1(c)(1), (d), and (e).

Notably, the amended complaint also fails to meet the minimum pleading standard set forth in Rule 8(a).  Rule 8(a) of the Federal Rules of Civil Procedure requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted

so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A pleading "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

The amended complaint falls within this category. Its digressive allegations fail to provide adequate notice of a claim to defendants or this Court, particularly when, as plaintiff herself admits, she has already filed this matter unsuccessfully in other state and federal courts. *See* Compl. at 4, 30.

The pleading also fails to set forth allegations with respect to this Court's subject matter jurisdiction or any basis for relief. Though plaintiff broadly cites to various federal authority, at root, plaintiff asks that this Court to determine if she should have been subject to administrative and judicially rendered sanctions for Medicaid fraud, based on findings by the New Jersey Medicaid Fraud Control Unit ("NJMFCU"), and under "New Jersey municipal acts." *Id.* at 8. She claims that the NJMFCU and other New Jersey state agencies conspired to create "falsified reports" which resulted in the suspension of her nursing license in the state of New Jersey and her debarment from participation as a provider to New Jersey Medicaid recipients. *See id.* at 30; *see also* Compl. Exs. at 31–56. She demands that these sanctions be vacated, her administrative records sealed, and she also seeks unspecified damages. *See* Compl. at 30. However, plaintiff has failed to establish this Court's jurisdiction to review administrative determinations issued by New

Jersey state bodies, and the Court lacks jurisdiction to review the decisions of local New Jersey courts. *See Richardson v. District of Colum. Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Moreover, the Eleventh Amendment immunizes state bodies and officials from suit in federal court, unless immunity is waived. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327–28 (D.D.C. 1986) (citing cases). A waiver is found "only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.'" *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted). Plaintiff has neither pleaded nor established that the state defendants have expressly consented to be sued for damages.

Similarly, though the basis for any claims against the federal defendants is unclear, the federal government, as well as its agencies and instrumentalities, are absolutely immune from suit except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Sovereign immunity bars a suit against the United States except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Here, plaintiff has neither pleaded nor established that the federal defendants have expressly consented to be sued for damages.

Finally, plaintiff has failed to establish venue over any of her claims. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (dismissal for improper venue). Courts in this jurisdiction must examine venue carefully to guard against the danger that a plaintiff might improperly manufacture it in the District of Columbia. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). By naming federal agencies as defendants, a plaintiff could attempt to bring a suit in the District of Columbia that should properly be pursued elsewhere. *See id.* Here, to whatever extent plaintiff may seek to raise federal questions, such claims must be properly sued in the United States District Court for the District of New Jersey.

For all of these reasons, the Court dismisses the amended complaint without prejudice. An order consistent with this memorandum opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Dated: May 9, 2022

4